**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JACK EARL BEST,
Plaintiff-Appellant,

v.

UNITED STATES PAROLE COMMISSION;
US BUREAU OF PRISONS; RECORDS

No. 99-6569

OFFICER, FCI Memphis; RECORDS
OFFICER, FTC Oklahoma; RECORDS
OFFICER, FCI Butner; UNITED STATES
OF AMERICA,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CA-98-648-5-BO)

Submitted: August 31, 1999

Decided: September 21, 1999

Before MURNAGHAN, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed as modified by unpublished per curiam opinion.

_____

**COUNSEL**

Jack Earl Best, Appellant Pro Se. Sharon Coull Wilson, OFFICE OF
THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Jack Earl Best appeals the district court's order dismissing his action under 42 U.S.C.A. § 1983 (West Supp. 1999) for lack of subject matter jurisdiction. Best argues that the United States Parole Commission illegally arrested and incarcerated him on a parole violation after his full term expiration date had passed. After recalculating Best's sentence, the Bureau of Prisons determined that he was entitled to additional prior custody credit that resulted in a full term expiration date of January 15, 1997, two days before the United State Parole Commission issued the parole violator warrant. In light of the revised sentence computation, the Bureau of Prisons released Best on October 3, 1997. Best claims this mistake resulted in additional incarceration of more than seven months in violation of his Fifth and Eighth Amendment rights.

We have reviewed the record and the district court's opinion and find no reversible error in denying relief on Best's § 1983 claim. See Best v. United States Parole Comm., No. CA-98-648-5-BO (E.D.N.C. Mar. 15, 1999). We modify the district court's order, however, to reflect that the dismissal is without prejudice to Best's right to refile his claim as one arising under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).* See 28 U.S.C. § 2106 (1994). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AS MODIFIED

_____

*We note that the statute of limitations continues to run on Best's claim under Bivens.

2